Filed 12/10/21  P. v. DeFrance CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C091275 |
| v. | (Super. Ct. No. 05F07445) |
| CURTIS DEFRANCE, | |
| Defendant and Appellant. | |

A jury convicted defendant Curtis DeFrance of the first degree murder of Stephan Brophy, robbery, and vehicle theft.  The jury found true a firearm enhancement allegation and a Penal Code section 190.2[1] special circumstances allegation.  This court affirmed the convictions in 2008.  Defendant filed a petition for resentencing under section 1170.95.  After appointing counsel and receiving briefing, the trial court

---

[1]  Undesignated statutory references are to the Penal Code.

1

"dismissed"[2] the petition because it determined defendant was ineligible for resentencing as a matter of law.

Defendant now contends the trial court violated his right to due process by making disputed factual findings and dismissing the petition at the prima facie stage, rather than issuing an order to show cause and holding an evidentiary hearing. Finding no error by the trial court, we will affirm the trial court's order.

BACKGROUND

To facilitate our review, we summarize the relevant background facts from this court's opinion in defendant's previous appeal from the underlying conviction, *People v. DeFrance* (2008) 167 Cal.App.4th 486 (*DeFrance*).

Brophy lived in a condominium with her two adult children. (*DeFrance, supra*, 167 Cal.App.4th at p. 490.) Her children kept their cars parked in two parking spaces nearby. (*Ibid.*) On the morning of July 10, 2005, Brophy's neighbors heard a woman yelling, "get out of that car," and then screeching tires. (*Ibid.*) The police found Brophy on her back in the parking lot, with fluid coming out of her ear and a tire mark across her torso. (*Ibid.*) That morning a man, J.B., saw a car speed down the road and make an illegal U-turn. (*Id.* at pp. 490-491) J.B. contacted the police, and eventually identified defendant as the driver from a photo lineup. (*Id.* at p. 491.) The stolen car was recovered, and a crime scene investigator found defendant's palm print on the driver window. (*Ibid.*)

T.E., a convicted felon, testified that someone named Curtis came to an apartment where he had been staying and told him that he had been trying to steal a woman's car and that he ran her over because she tried to stop him. (*DeFrance, supra*,

---

[2] The trial court used the word "dismissed" rather than "denied" in its ruling. We do not address whether that word was used appropriately in this context because the parties have not raised the issue on appeal or asked for a correction.

2

167 Cal.App.4th at p. 491.) A forensic pathologist testified that Brophy's cause of death was blunt force injuries consistent with being run over. (*Ibid.*) A member of the California Highway Patrol Multidisciplinary Accident Investigation Team opined that the driver of the car backed up on Brophy and ran her over after she hit the ground, and that the driver would have felt the impact. (*Ibid.*)

The jury found defendant guilty of first degree murder (§ 187, subd. (a)), robbery (§ 211), and vehicle theft (Veh. Code, § 10851, subd. (a)), and found true the robbery special circumstance (§ 190.2, subd. (a)(17)) and deadly weapon enhancement (§ 12022, subd. (b)(1)) attached to the murder charge. (*DeFrance, supra*, 167 Cal.App.4th at p. 489.) He was sentenced to life in prison without the possibility of parole, plus one year. (*Ibid.*)

In 2019, defendant filed a petition for resentencing under section 1170.95. In his petition, defendant declared (1) a complaint, information, or indictment was filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, (2) at trial, he was convicted of first or second degree murder pursuant to the felony-murder rule or the natural and probable consequences doctrine, and (3) he could not be convicted of first or second degree murder under the changes to sections 188 and 189. Defendant also requested counsel be appointed for "[the] re-sentencing process." As he was convicted of first degree felony murder, defendant also declared that he was not the actual killer, did not, with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder in the first degree, and that he was not a major participant in the felony or did not act with reckless inference to human life during the course of the felony.

The trial court appointed a public defender, and both parties submitted briefing. In relevant part, the People argued defendant failed to make a prima facie showing he was entitled to relief because he was the actual killer and because he was convicted of special

3

circumstance murder. Defendant countered that his declaration established a prima facie case for relief, and thus the court must issue an order to show cause and hold an evidentiary hearing.

In a written order, the trial court dismissed the petition. In doing so, it reviewed the parties' briefs, the underlying file of defendant's case, and this court's *DeFrance* opinion. It found that defendant failed to show he fell within the provisions of section 1170.95, as he was convicted of first degree murder, as well as robbery special circumstances under section 190.2, subdivision (a)(17), which "provide for first degree murder based on robbery-murder when the trier of fact has found beyond a reasonable doubt that the defendant either was the actual killer, intended to kill, or was a major participant who acted in the robbery with reckless indifference to human life." Thus, the trial court concluded that because the murder conviction and special circumstances finding has not been vacated, defendant was ineligible for section 1170.95 relief.

## DISCUSSION

Defendant argues the trial court erred by engaging in judicial factfinding prior to issuing an order to show cause. He asserts that his petition stated facts that, if true, entitled him to relief under section 1170.95, and the trial court was not permitted to make disputed factual findings at the prima facie stage. As a result, defendant contends the summary dismissal of his petition violated his due process rights and requires reversal. We are not persuaded.

### A

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); see *People v. Verdugo* (2020) 44 Cal.App.5th 320, 325, review granted

4

Mar. 18, 2020, S260493; *People v. Martinez* (2019) 31 Cal.App.5th 719, 723.) "Senate Bill No. 1437 achieves these goals by amending section 188 to require that a principal act with express or implied malice and by amending section 189 to state that a person can only be liable for felony murder if (1) the 'person was the actual killer'; (2) the person was an aider or abettor in the commission of murder in the first degree; or (3) the 'person was a major participant in the underl[y]ing felony and acted with reckless indifference to human life.' (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, §§ 2, 3.)" (*People v. Cornelius* (2020) 44 Cal.App.5th 54, 57; see *Verdugo*, at p. 326.)

Senate Bill No. 1437 also added section 1170.95, which permits persons convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not have been convicted of murder following Senate Bill No. 1437's changes to sections 188 and 189. (Stats. 2018, ch. 1015, § 4.) Section 1170.95, subdivision (b) requires that the petitioner file a declaration showing his or her eligibility for relief under subdivision (a), the superior court case number and year of the petitioner's conviction, and whether he or she requests the appointment of counsel.

Section 1170.95, subdivision (c) describes the next steps in the process as follows: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. . . . If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

The California Supreme Court recently decided *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*), which clarifies the process that trial courts must undertake when they receive a section 1170.95 petition. *Lewis* explains that once a defendant files a facially

sufficient petition, as described in subdivision (c), the trial court must appoint counsel for the defendant and receive briefing from the parties. (*Id.* at pp. 962-964, 970.) Thereafter, "with the benefit of advocacy for both sides," the trial court conducts a single prima facie review of the petition. (*Id.* at pp. 970-971.) It further states that "the parties can, and should, use the record of conviction to aid the trial court in reliably assessing whether a petitioner has made a prima facie case for relief under subdivision (c)." (*Id*. at p. 972.) *Lewis* notes that an appellate opinion is a part of the record of conviction that the trial court may consider at the prima facie stage. (*Ibid.*) It cautions, however, that the prima facie inquiry is "limited" and the trial court may not, at that stage, engage in " 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at pp. 971-972.)

B

Here, the trial court followed the proper procedure as set forth in *Lewis*. It received defendant's petition, appointed counsel, and received briefing. Then, in assessing whether defendant made a prima facie showing for relief, the trial court did not make independent factual findings as defendant claims. Rather, the trial court properly relied on the record of conviction, including this court's opinion affirming defendant's conviction, to determine that the jury found defendant guilty of first degree murder and a robbery-murder special circumstance as the actual killer. The trial court did not make a disputed factual finding on this point, because the fact that defendant was the actual killer is not in dispute. Indeed, *DeFrance* summarizes the facts of the case as: "[the victim] had been trying to stop defendant from stealing her son's car when defendant ran her over and killed her." (*DeFrance, supra*, 167 Cal.App.4th at p. 486.) Defendant was found guilty of first degree murder. And no other individuals were involved in the crime. (*Id.* at p. 489.)

While defendant relies on *People v. Drayton* (2020) 47 Cal.App.5th 965 to argue that the trial court engaged in impermissible factfinding prior to issuing an order to show

6

cause, *Drayton* is distinguishable.  In *Drayton*, the district attorney acknowledged that the defendant was not the actual killer and did not intentionally aid and abet the murder, yet the trial court made its own factual finding at the prima facie stage that the defendant was a major participant in the felony and acted with reckless indifference to human life, and denied the defendant's petition on that basis.  (*Id.* at pp. 970, 982.)  Here, unlike in *Drayton*, the record discloses that the jury found defendant was the actual killer.

Because defendant was the actual killer, defendant is ineligible for resentencing as a matter of law under section 1170.95.  He simply does not come within the provisions of the statute.  No further briefing or evidence could aid the court in reaching this conclusion.  The trial court's order at the prima facie stage was proper.

### DISPOSITION

The trial court's order on defendant's section 1170.95 petition is affirmed.

/S/

MAURO, J.

We concur:

/S/

HULL, Acting P. J.

/S/

DUARTE, J.

7